FOURTH DEPARTMENT, SEPTEMBER, 1978

(September 15, 1978)

■ RAFFALENA McCANN, Appellant, v WILLIAM E. McCANN et al., Respondents, et al., Defendant.—Appeal dismissed, without costs, on stipulation. (Appeal from order of Erie Supreme Court—joint default judgment.) Present—Cardamone, J. P., Simons, Dillon and Hancock, Jr., JJ.

■ In the Matter of PATRICIA RUSSELL, Respondent, v BOARD OF ELECTIONS OF CHAUTAUQUA COUNTY, and SAMUEL C. ALESSI, JR., Appellants.—Order affirmed, without costs. Memorandum: In this proceeding commenced by petitioner Patricia A. Russell, who objected to the nomination of respondent-appellant Samuel C. Alessi, Jr., for the position of Liberal Party candidate for Chautauqua County Family Court Judge, Special Term invalidated two separate sheets of the designating petition on the grounds that they were not authenticated by a notary public or by a commissioner of deeds as required by section 6-132 of the Election Law. Given the unambiguous wording of the statute as amended by the Legislature (formerly Election Law, § 135, amd L 1976, ch 233, § 1, eff Dec. 1, 1977; NY Legis Ann, 1976, p 169), it is clear that the Legislature intended to restrict the class of officials who are authorized to authenticate a nominating petition. Since the pages in question were authenticated by a Town Councilman and a Town Justice and not by either a notary public or a commissioner of deeds as now required by section 6-132 of the Election Law, the signatures above the authentications are invalid and, there being insufficient signatures to effect Alessi's nomination, Special Term properly restrained respondent-appellant Board of Elections from certifying Alessi's candidacy. Finally, appellants' argument that David L. Carr, candidate for the position of Chautauqua County Sheriff, must be joined as a party to this action has no merit. All concur except Witmer, J., who dissents and votes to reverse the order and validate the petition, in the following memorandum: The literal reading of the statute (Election Law, § 6-132, effecting amt and clarification of former § 135 [L 1976, ch 233, § 1]; see NY Legis Ann, 1976, p 169) has led the court to invalidate a designating petition solely because the oaths were taken by a Town Justice and a Town Councilman instead of a notary public or commissioner of deeds. CPLR 2309 and section 298 of the Real Property Law authorize oaths to be taken by a Town Justice and a Town Councilman. Under section 1-102 of the Election Law those provisions are applicable in this case in the absence of an express specification to the contrary. It is my view that the reference to a notary public or commissioner of deeds in section 6-132 (subd 3) of the Election Law without at least specifying that *only* such an officer may take such oaths, cannot be found to serve as notice to the unsuspecting public that the general provisions of CPLR 2309 do not apply. No reason has been expressed why the Legislature would consider such limitation significant. There is no suggestion of fraud in this case. I conclude, therefore, that the statute should be liberally construed to afford voters " 'the fullest opportunity to exercise their franchise' " *(Matter of Eve v Mahoney,* 45 AD2d 945). (Appeal from order of Chautauqua Supreme Court—Election Law.) Present—Moule, J. P., Cardamone, Dillon, Schnepp and Witmer, JJ. (Decided Aug. 23, 1978.)